**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Luis Leal,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Chapman Chevrolet, L.L.C.; John Chapman and Jane Doe Chapman, husband and wife, as agents and individually,<br><br>　　　　Defendants. | No. CV 06-1152-PHX-LOA<br><br>**ORDER TO SHOW CAUSE** |

　　　　On May 12, 2006, this Court entered an order that all parties shall either consent to magistrate judge jurisdiction or elect to proceed before a district judge by May 30, 2006. Defendant Chapman Chevrolet, L.L.C. has timely consented to proceed before a magistrate judge. (docket # 10) Plaintiff has failed to timely comply with this Court's order of May 12, 2006. There is presently pending for ruling Chapman Chevrolet's Motion To Compel Arbitration (docket # ) and the parties' Stipulation To Order Compelling Arbitration (docket # 11).

　　　　The Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. §471 et seq., mandates the early and on-going judicial management of the pretrial process. Under the CJRA mandate, "[f]ederal trial courts are now required, by statute, to implement techniques and strategies designed to dispose of cases in an efficient and inexpensive manner." See, Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co., 142 F.R.D. 420, 423 (D.Del.1992). Additionally, federal judges "are subject to the injunction of Rule 1 [Federal

1  Rules of Civil Procedure] that [they] 'be construed to secure the just, speedy and inexpensive
2  determination of every action.' " Herbert v. Lando, 441 U.S. 153, 177, 99 S.Ct. 1635, 1649,
3  60 L.Ed.2d 115 (1979) (emphasis added).  Plaintiff's failure to comply with the Court's prior
4  order is frustrating the speedy and inexpensive resolution of this case.

5         Absent the express consent of all the parties, a magistrate judge does not have
6  the statutory or constitutional authority to rule on a dispositive motion. 28
7  U.S.C. §636(b)(1)(A). The Magistrates Act permits magistrate judges to conduct all
8  proceedings in civil cases if the parties consent: "Upon consent of the parties, a . . . United
9  States magistrate judge . . . may conduct any or all proceedings in a jury or non-jury civil
10 matter and order the entry of judgment in the case, when specially designated to exercise
11 such jurisdiction by the district court or courts he serves." Hanson v. Mahoney, 433 F.3d.
12 1107, 1111 (9th Cir. 2006) (citing 28 U.S.C. § 636(c)(1));  Gomez v.United States, 490 U.S.
13 858, 865-872 (1989)(outlining the evolution of the Act). Since a motion to compel
14 arbitration, even a stipulation to such, may be deemed a dispositive motion, as a motion to
15 remand is, the issue of consent to magistrate judge jurisdiction by all parties or election to
16 a district judge by any party must be directly addressed at this time. Nasca v. Peoplesoft, 160
17 F.3d 578 (9th Cir. 1999).

18        Pursuant to Rule 41(b), FED.R.CIV.P., and Ferdik v. Bonzelet, 963 F.2d 1258,
19 1260 (9th Cir. 1992)(trial courts have the inherent power to control their dockets and in the
20 exercise of that power they may impose sanctions including, where appropriate, dismissal
21 of a case),

22        **IT IS ORDERED** that Plaintiff show cause in writing on or before **June 23,**
23 **2006** why he and/or his counsel should not be sanctioned and/or be held in contempt of court
24 pursuant to title 18 U.S.C. 401 for failing to comply with the Court's prior order.  Sanctions
25 may include the dismissal of Plaintiff's case without prejudice upon recommendation to a
26 district judge.  If Plaintiff properly complies with the Court's May 12, 2006 order **on or**
27 / / /
28 / / /

1 **before June 23, 2006** by either consenting to magistrate judge jurisdiction or electing to have
2 the case assigned to a district judge, the undersigned will automatically vacate this OSC.
3         DATED this 9th day of June, 2006.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge