**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Luis Leal, | ) No. CV 06-1152-PHX-FJM |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Chapman Chevrolet, L.L.C., et al., | ) |
| Defendants. | ) |

The court has before it defendants' motion to dismiss (doc. 23), plaintiff's response, and defendants' reply.

I.

Shortly after this action was removed, defendants filed a motion to compel arbitration (doc. 6). That was followed by a stipulation for the entry of an order compelling arbitration (doc. 11). We granted the parties' motion to stay proceedings pending arbitration and gave them six months to arbitrate. The parties failed to arbitrate within the six months and thus on January 18, 2007 the defendants filed the instant motion to dismiss.

II.

When a proceeding in federal court involves an issue referable to arbitration, a court may stay the proceeding until the parties arbitrate. See 9 U.S.C. § 3. However, when a valid and enforceable arbitration provision bars *all* claims in a case, dismissal is appropriate. See Chappel v. Laboratory Corp. of Am., 232 F.3d 719, 723-25 (9th Cir. 2000). Indeed, when all

1  claims raised in an action are arbitrable, retaining jurisdiction and staying the action serve no

2  purpose.  See Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992)

3  (citation omitted).

4       Defendants argue that we should dismiss plaintiff's complaint pursuant to Rule 12(b)(6),

5  Fed. R. Civ. P. because the sole claim in this case is subject to a valid and binding arbitration

6  agreement.  See Motion to Dismiss at 15-16.  On May 23, 2006, the parties stipulated that

7  plaintiff's claims are governed by a valid and enforceable arbitration agreement.  See

8  Declaration of Philip Wooten (doc. 24) at 2; Stipulated Proposed Order Compelling

9  Arbitration and Staying Action, Notice of Filing of Proposed Order (doc. 43) Exhibit A (stating

10  that "the claims that are the subject of this action are governed by the arbitration agreement

11  dated June 24, 1999, which is valid and enforceable").[1]  Because plaintiffs' claims are

12  arbitrable, we will never reach the merits of the parties' controversy.  Rather, our jurisdiction

13  is limited to compelling arbitration, see 9 U.S.C. § 4, and reviewing any future arbitration

14  award, see 9 U.S.C. §§ 9-12.  Yet plaintiff does not argue that our authority to compel

15  arbitration or review an arbitration award justifies retaining jurisdiction over this case. Because

16  plaintiff's claim is barred by the agreement to arbitrate, we grant defendants' motion to dismiss.

17

18                                      III.

19       From what we have said so far, it is plain that the defendants could have initially moved

20  to dismiss this case.  Instead, they moved to compel arbitration and to stay this action, which

21  we granted.  The case was not arbitrated within the six month period largely due to plaintiff's

22  failure to participate in good faith.  Plaintiff refused to accept the defendants' proposed

23

24  ————————————

25     [1] Defendants request that we take judicial notice of this document.  See Request for

26  Judicial Notice (doc. 26) at 2.  We deem plaintiff's failure to respond to defendant's request a consent to the granting of the request.  See LRCiv 7.2(i).  However, even if we do not take

27  judicial notice of the document in question, we would reach the same conclusion.  Plaintiff states that "the parties stipulated to arbitration," Response at 8, and has never argued that the

28  parties entered into an unenforceable or invalid arbitration agreement.

arbitrator and then proposed an arbitrator that was not qualified under the parties' agreement. Plaintiff proposed the unqualified arbitrator not once but twice.

In any event, plaintiff's opportunity to arbitrate the claim while this action was still pending has been lost by plaintiff's failure to timely arbitrate. That opportunity might not have had significance anyway since the action was subject to dismissal because of the arbitration agreement.[2]

IV.

IT IS THEREFORE ORDERED GRANTING defendants' motion to dismiss (doc. 23). The dismissal is with prejudice to the filing of any action, but without prejudice to arbitrating the claim under the parties' agreement. IT IS FURTHER ORDERED that defendants' request for attorney fees shall abide the outcome of any motion filed under LRCiv 54.2, after entry of judgment. FINALLY, IT IS ORDERED dismissing the complaint as to defendants John Chapman and Jane Doe Chapman.

This action is terminated and the clerk shall enter judgment.

DATED this 30th day of May, 2007.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

---

[2] We note that plaintiff has failed to serve named defendants John Chapman and Jane Doe Chapman, either in state court or here. This case was first filed in state court on March 24, 2006, and removed here on April 25, 2006. Since removal, plaintiff has participated in a case management plan and a Rule 16 scheduling conference. We assume that plaintiff has abandoned his claims against these defendants and dismiss the complaint as to them pursuant to Rule 4(m), Fed. R. Civ. P., and Rule 41(b), Fed. R. Civ. P.