**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Luis Leal, ) | No. CV 06-1152-PHX-FJM |
|  ) | |
| Plaintiff, ) | **ORDER** |
|  ) | |
| vs. ) | |
|  ) | |
|  ) | |
| Chapman Chevrolet, L.L.C., et al., ) | |
|  ) | |
| Defendants. ) | |
|  ) | |
|  ) | |

The court is presented with plaintiff's (1) "Motion to Stay Filing of Objections to Bill of Costs," (doc. 51), (2) "Motion for Clarification of Order Dated May 30, 2007" (doc. 52) and (3) "Motion for Expedited Decision" (doc. 53). On May 30, 2007, we granted defendant's motion to dismiss (doc. 47), and judgment entered on the same day (doc. 48). Defendant has since filed a bill of costs (doc. 49) and a motion for attorneys' fees (doc. 50).

Plaintiff's motion for clarification argues that "any request for attorney fees" and "[a]ny decision on costs" should come "after the decision is made by the arbitrator." Motion for Clarification at 2. We reject this contention. This case has been dismissed and judgment has entered. Defendant's motion for attorneys' fees and its bill of costs are not premature because they are in no way dependent upon the outcome of the parties' arbitration. The fact that plaintiff contends that "[a]t all times, Plaintiff has agreed to arbitrate this matter," Motion to Stay at 1, does not alter our conclusion. Plaintiff elected to litigate his claims in federal court despite plaintiff's counsel's position that plaintiff's claims are governed by a valid and

1   enforceable arbitration agreement. See May 30, 2007 Order at 2. By litigating his claims,
2   plaintiff and his counsel assumed the risks inherent to litigation. These risks include the
3   imposition of costs and fees.

4       Plaintiff's motion to stay is labeled "Motion to Stay Filing of Objections to Bill of
5   Costs," but requests that we "stay a ruling on the Bill of Costs" until we decide plaintiff's
6   motion for clarification. Motion to Stay at 1. To the extent that plaintiff's motion to stay
7   requests an extension of the time in which to file objections to defendant's bill of costs, that
8   request is denied for the reasons stated above. Plaintiff's motion also includes substantive
9   objections to defendant's bill of costs. See Motion to Stay at 2. Although we have addressed
10  plaintiff's motion for clarification, plaintiff's objections are not ripe for adjudication because
11  defendant has not filed a response.

12      Plaintiff's motion for expedited decision, filed on the same date as plaintiff's motion
13  to stay and motion for clarification, requests that we "enter an expedited decision on
14  Plaintiff's motion for oral argument on Plaintiff's motion for clarification." Motion for
15  Expedited Decision at 1. However, plaintiff's motion for clarification does not request oral
16  argument. Because we have decided the motion for clarification, plaintiff's motion for
17  expedited decision is denied on grounds of mootness.

18  **THEREFORE, IT IS ORDERED** that adjudication of defendant's bill of costs and
19  defendant's motion for attorneys' fees, along with the corresponding deadlines, are in no way
20  stayed, or otherwise altered, by arbitration of the parties' disputes. **FURTHERMORE, IT**
21  **IS ORDERED DENYING** plaintiff's "Motion to Stay Filing of Objections to Bill of Costs"
22  (doc. 51) and plaintiff's "Motion for Expedited Decision" (doc. 53).

23      DATED this 19th day of June, 2007.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 2 -